# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 3:90-cr-004(1)

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

    -vs-

JESUS DELEMOS,

    Defendant.

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate Sentence under 28 U.S.C. §2255 (Doc. No. 253). On January 18, 2005, the Magistrate Judge filed a Report and Recommendations recommending that the Motion be denied (Doc. No. 258). Defendant has now filed Objections (Doc. No. 259) and a Notice of Supplemental Authority (Doc. No. 260). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Defendant raises one ground for relief, to wit, that his sentence was imposed in violation of the Sixth Amendment to the United States Constitution in that the sentence depended on factual findings made by the sentencing judge instead of being found by a jury by proof beyond a reasonable doubt. Defendant grounds his legal position in *Blakely v. Washington*, 542 U.S. \_\_\_, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), in which the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt.

1

Even though *Blakely* arose from a state court system, it appeared to many people, obviously including the Defendant, that *Blakely* applied to the United States Sentencing Guidelines, under which Defendant was sentenced. At about the time Defendant filed his §2255 Motion, the United States Supreme Court agreed to decide that question on an expedited basis. On January 12, 2005, the Court decided in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005), that *Blakely* does apply to the Sentencing Guidelines which are therefore unconstitutional insofar as they impose a mandatory sentencing range on the district courts.

In the Report and Recommendations, however, the Magistrate Judge concluded that Booker would not be applied retroactively to cases pending on collateral review, relying on *Goode v. United States*, 305 F. 3d 378 (6th Cir. 2002), which held that " *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), would not be applied retroactively, and *Schiro v. Summerlin*, ___ U.S. ___ ,124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004), where Supreme Court expressly held that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case which depends on *Apprendi,* is not to be applied retroactively to cases on collateral review.

Mr. Delemos presents two arguments as to why *Booker* should be applied retroactively.

First of all, he claims that *Booker*, in contrast to *Apprendi*, is a substantive rule and substantive rules are to be applied retroactively, relying on *Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828, 839 (1998). In *Bousley*, the Supreme Court held that its prior ruling in *Bailey* v. *United States,* 516 U.S. 137, 144, 133 L. Ed. 2d 472, 116 S. Ct. 501 (1995), could be applied to cases on collateral review because Bailey had determined that the federal statute prohibiting use of a firearm in commission of a drug offense required "active" use rather than mere possession. This ruling changed the prevailing interpretation of the relevant statute and meant that many persons had been convicted of "using" a firearm on the basis of conduct which the Court held did not come within the proper understanding of the statute. That is, the Court had changed the

2

substantive law of firearm use.  It expressly held that the rule of *Teague* v. *Lane,* 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989) – that new constitutional rules of criminal procedure are generally not applicable to cases that became final before the new rules were announced – did not apply because the Court was changing the substantive law.

Contrary to Mr. Delemos' argument, *Booker* does not change the substantive law.  It makes no change in the facts which may form the basis of federal criminal punishment, but merely the procedure which must precede such punishment, to wit, determination of the relevant facts by proof to a jury beyond a reasonable doubt unless admitted.

Second, Mr. Delemos argues that *Booker* is a "watershed" rule within the second *Teague* exception.  But that argument is precluded by *Goode, supra*, which expressly held that *Apprendi* was not a watershed rule.

Mr. Delemos notes that both *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), procedural rulings in the chain of precedents leading to *Apprendi*, were both held to be retroactive, citing *Ivan v. City of New York*, 407 U.S. 203 (1972), and *Hankerson v. North Carolina*, 432 U.S. 233 (1977). However, both of those cases were decided before *Teague v. Lane* radically revised the Supreme Court's retroactivity doctrine.  It is *Teague* which now controls the analysis, and *Booker* is neither a change in the substantive law nor a "watershed rule."

It is again respectfully recommended that Defendant's §2255 Motion be denied.  However, the opinion of Judge Panner in *United States v. Siegelbaum*, Case No. CR-02-179-01-PA (D. Ore. 2005), which Defendant has furnished with his Notice of Supplemental Authority persuades me that

the question of retroactivity is debatable among jurists of reason. Defendant should therefore be granted leave to appeal *in forma pauperis* and a certificate of appealability if requested.

February 21, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).