# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,
:
    Plaintiff,                                 Case No. 3:03-90-cr-004

:       District Judge Walter Herbert Rice
   -vs-                                 Chief Magistrate Judge Michael R. Merz

JESUS MANUEL DELEMOS,
:
    Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND JUDGMENT

This case is before the Court on Defendant's Motion to Alter or Amend Judgment (Doc. No. 264).

Defendant first objects that the Magistrate Judge's Supplemental Report and Objections were adopted upon a finding that Defendant had made no objection within the time allowed by law. With the Motion to Alter, Defendant furnished a copy of the first page of a set of Objections showing a hand file stamp of the Clerk indicating the Objections were timely filed March 3, 2005. Those Objections have not yet been docketed in this case for reasons which have not yet been explained. Because the Defendant did not furnish a full copy of the Objections, the Court has obtained from the United States a facsimile copy of the service copy received by the Assistant United States Attorney. The Clerk is ORDERED to scan and docket these Objections in the form received from the United States. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed. The Magistrate Judge will consider the Objections in conjunction with the Motion to Alter or

Amend.

The Objections re-assert Defendant's position that *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005), should be applied retroactively to cases which became final before it was handed down. That position is completely foreclosed by *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005). The *Humphress* decision was the basis for Judge Rice's rejection of that portion of the Supplemental Report and Recommendations which recommended granting a certificate of appealability.

In the Motion to Alter or Amend Judgment, Defendant admits that *Humphress* forecloses retroactive application of *Booker*. However, he still seeks a certificate of appealability on the ground that that question remains debatable among jurists of reason, based on the opposite conclusion reached by Judge Panner in *United States v. Siegelbaum*, Case No. CR-02-179-01-PA (D. Ore. 2005).

The relevant standard for issuance of a certificate of appealability was adopted by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000):

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

To apply that standard in this case, the Court must recognize the different roles of district and appellate courts in development of the law. Once the Sixth Circuit handed down the *Humphress* decision, this Court was bound to follow it. No reasonable jurist in any district court in the Sixth Circuit could now decide a case in the same way Judge Panner decided *Siegelbaum* because

2

*Humphress* is directly controlling precedent. The question under *Slack* is not whether a particular decision might be one made by a reasonable jurist in the abstract, but what decision a reasonable jurist could reach in deciding a particular case at a particular point in time. After *Humphress*, a district court in the Sixth Circuit which adopted Judge Panner's position would be acting in defiance of the doctrine of precedent, which is to say unreasonably because reasonable trial court jurists understand that they are bound by precedent.

Defendant asserts he wishes to preserve his right to seek certiorari so that the United States Supreme Court may determine whether *Booker* applies retroactively. This Court's denial of a certificate of appealability does not foreclose that possibility. A district court's consideration of certificates of appealability is, after all, derivative of the court of appeals' obligation to consider that question. Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which created the certificate of appealability regime, determination of appealability was conferred in the first instance on the courts of appeals and only later did those courts decide that district courts should decide the question in the first instance. It is still open to Mr. Delemos to ask for a certificate of appealability from the Sixth Circuit.

The Motion to Alter or Amend the Judgment should be denied.

April 5, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections

shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).