IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
:
       Respondent,
:
  vs.                                  Case No.  3:90cr004
:
JESUS MANUEL DELEMOS,
                                      JUDGE WALTER HERBERT RICE
       Petitioner.     :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND JUDGMENT AND OBJECTIONS (DOC. #265); PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT (DOC. #264) AND OBJECTIONS (DOC. #264) TO THE SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #261) OVERRULED; PETITIONER'S MOTION TO VACATE, ETC., PURSUANT TO 28 U.S.C. § 2255 DENIED; APPLICATION FOR CERTIFICATE OF APPEALABILITY AND/OR MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT ACCORDINGLY; TERMINATION ENTRY

---

Because the non-retroactivity of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 2d 621 (2005), to cases which became final before it was handed down, was recognized at the time of this Court's Order (Doc. #262) adopting (with one exception) the Supplemental Report and Recommendation of United States Magistrate Judge (Doc. #262), in the Sixth Circuit, *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Defendant's Objections (Doc.

#264) to said Supplemental Report and Recommendations (Doc. #261) are overruled, as is the Defendant's Motion to Alter or Amend Judgment (Doc. #264).

The United States Supreme Court has not addressed the question of whether *Booker* is to be applied retroactively. However, in an analogous situation, the Court has refused to apply its decision retroactively. In *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court refused to apply *Ring v. Arizona*, 536 U.S. 584 (2002) retroactively. In *Ring*, which was based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as was *Booker*, the Supreme Court held that the Arizona death penalty scheme was unconstitutional, because the judge, rather than the jury, made certain death penalty qualifying findings.

Research has not found any decision by a Circuit Court applying *Booker* retroactively. The Sixth Circuit authority holding that *Booker* is not to be applied retroactively, *Humphress*, remains good law and, thus, mandatory authority.

Judgment is, once again, ordered entered in favor of the Respondent and against Petitioner, denying Petitioner's Motion to Vacate, etc., under 28 U.S.C. § 2255. Moreover, given that the non-retroactivity of *Booker* on cases final by direct appeal is even less debatable than previously, among jurists of reason, due to developments in the prevailing case law, this Court, once again, denies a Certificate of Appealability on the retroactivity issue and any anticipated Motion for Leave to Appeal *In Forma Pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| January 29, 2008 | /s/ Walter Herbert Rice<br>WALTER HERBERT RICE, JUDGE<br>UNITED STATES DISTRICT COURT |

Copies mailed to:

Jesus Delemos, Pro Se
Robert Brichler, Esq.,

Chief Magistrate Judge Michael R. Merz